IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 12-cr-40054-JPG |
| TINA M. BARLOW, | ) ) ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

THIS MATTER is before the Court on defendant Tina M. Barlow's motion for free copies of every document and transcript in her criminal case (Doc. 174).

Defendants have no constitutional right to a complimentary copy of any document in their court files. *See United States v. Groce*, 838 F. Supp. 411, 413, 414 (E.D. Wis. 1993). Before providing copies free of charge, a district court may require the requestor to show: (1) that he has exhausted *all* other means of access to his files (*i.e.*, through his trial and appellate counsel), (2) that he is financially unable to secure access to his court files (*i.e.*, through a showing similar to that required in 28 U.S.C. § 1915(a)(2) which includes a certified copy of the prisoner's trust account for the previous six-month period prior to filing), and (3) that the documents requested are necessary for the preparation of some specific non-frivolous court action. *See United States v. Wilkinson*, 618 F.2d 1215, 1218-19 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977); *Groce*, 838 F. Supp. at 413-14. These minimal requirements do not impose any substantial burden to financially unable prisoners who desire their records be sent to them at government expense. Similarly, a defendant has a right to a free transcript only where (1) whether the defendant can establish that she is indigent, and (2) the transcript is needed to decide an issue presented by a pending and non-frivolous action. *See* 28 U.S.C. § 753(f); *see United States v. MacCollum*, 426 U.S. 317 (1976).

Barlow has provided sufficient evidence of her indigency, but she has not shown that she has exhausted all other means of access to the documents she seeks or that the documents are

needed for a specific, non-frivolous court action.  On the contrary, she states that she needs the documents "in order to prepare and raise issues for relief," although she has no current case pending.  This appears to be nothing more than a fishing expedition.

For these reasons, the Court **DENIES** Barlow's motion (Doc. 174).

**IT IS SO ORDERED.**
**DATED: July 2, 2014**

s/ J. Phil Gilbert
**United States District Judge**
